FITZGERALD KNAIER LLP
   Kenneth M. Fitzgerald (SBN: 142505)
   kfitzgerald@fitzgeraldknaier.com
   Nicholaus H. Woltering (SBN: 337193)
   nwoltering@fitzgeraldknaier.com
402 West Broadway, Suite 1400
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Defendants
Thomas Edward McGrath and MHI Capital LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGM GLOBAL SECURITIES LIMITED, an England and Wales Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS EDWARD MCGRATH, an Individual, MHI CAPITAL LLC, a Wyoming Limited Liability Company, THE BANK OF NEW YORK MELLON, a New York Corporation, and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 3:25-cv-01477-RSH-DDL <br><br> **ANSWER OF DEFENDANTS THOMAS EDWARD MCGRATH AND MHI CAPITAL LLC** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Action Filed: June 10, 2025 |

Defendants Thomas Edward McGrath ("McGrath") and MHI Capital LLC ("MHI," together with McGrath, "Defendants") hereby submit the following answer and affirmative defenses to the complaint ("Complaint") filed by Plaintiff AGM Global Securities Limited ("Plaintiff" or "AGM") as follows:

## I.
## PARTIES

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendants admit that McGrath was, at all material times alleged in the Complaint, an agent and employee of MHI. Defendants otherwise deny the allegations in Paragraph 6.

## II.
## JURISDICTION AND VENUE

7. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit that venue is proper in this District. Defendants otherwise deny the allegations in Paragraph 9.

## III.
## CIVIL CONSPIRACY

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

|     |     |     |
| --- | --- | --- |
| 1   | 12. | Defendants deny the allegations in Paragraph 12. |

## IV.

## **GENERAL ALLEGATIONS**

13. Defendants admit the allegations in Paragraph 13.
14. Defendants admit the allegations in Paragraph 14.
15. Defendants admit the allegations in Paragraph 15.
16. Defendants admit the allegations in Paragraph 16.
17. Defendants admit the allegations in Paragraph 17.
18. Defendants admit the allegations in Paragraph 18.
19. Defendants admit the allegations in Paragraph 19.
20. Defendants admit the allegations in Paragraph 20.
21. Defendants admit the allegations in Paragraph 21.
22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22.
23. Defendants admit the allegations in Paragraph 23.
24. Defendants admit the allegations in Paragraph 24.
25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25.
26. Defendants admit the allegations in Paragraph 26.
27. Defendants admit that McGrath spoke to Marnie Pascoe ("Pascoe") via WhatsApp about the BTC deal referenced in McGrath's WhatsApp message to Pascoe on July 22, 2024. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 27.
28. Defendants admit that during the WhatsApp call between McGrath and Pascoe, McGrath and Pascoe discussed having McGrath establish a subaccount under MHI's Primary Account with The Bank of New York Mellon ("BNYM"). Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 28.

29. Defendants admit that, prior to July 22, 2024, McGrath and Asher Corridon ("Corridon") had discussions regarding the creation and use of a subaccount under MHI's BNYM Primary Account. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30.

31. Defendants admit that, as of July 22, 2024, MHI owed money to BNYM. Defendants otherwise deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants the allegations in Paragraph 33.

34. Defendants admit the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants admit the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants admit that on September 25, 2024, Corridon directed Daniel Shulman ("Shulman") to wire AGM's funds within the Subaccount to AGM's account with Zerocap Pty Ltd in the amounts of $448,000.00 and $285,000.00 (totaling $733,000.00) respectively. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 38.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit that McGrath did not respond to Corridon's September 25, 2024 email. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants admit the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants admit that, on November 4, 2024, Shulman emailed McGrath, Corridon, and Patrick Ng ("Ng"), in reference to a pending request to transfer AGM's funds out of the Subaccount, stating, "The Legal Investigation team has not approved the transfer as of yet. There will be discussion tomorrow with the team to provide an explanation." Defendants otherwise deny the allegations in Paragraph 52.

53. Defendants admit that, on November 4, 2024, Pascoe and McGrath spoke via WhatsApp. Defendants otherwise deny the allegations in Paragraph 53.

54. Defendants admit that McGrath emailed Shulman on November 6, 2024, directing him to transfer the cash balance of MHI's BNYM accounts to MHI's Wells Fargo account. Defendants otherwise deny the allegations in Paragraph 54.

55. Defendants admit that on November 7, 2024, Ng sent the email quoted in Paragraph 55 to McGrath and Shulman.

56. Defendants admit that on November 7, 2024, BNYM diverted $624,273.77 of AGM's funds from the Subaccount into the BNYM Primary Account which AGM could not access and which was used to satisfy MHI's then existing debts owed to BNYM. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 that BNYM did so without informing AGM. Defendants otherwise deny the allegations in Paragraph 56.

57. Defendants admit that on November 8, 2024, BNYM diverted $44,697.00 of AGM's funds from the Subaccount and into the MHI Wells Fargo Account, which AGM could not access. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 that BNYM did so without informing AGM. Defendants otherwise deny the allegations in Paragraph 57.

58. Defendants admit the allegations in Paragraph 58.

59. Defendants admit that McGrath and Pascoe had a WhatsApp call on November 8, 2024 and that McGrath told her that BNYM had depleted the Subaccount to zero and that he was unable to return AGM's funds at that time. Defendants otherwise deny the allegations in Paragraph 59.

60. Defendants admit that on November 12, 2024, BNYM diverted $44,697.85 of AGM's funds from the Subaccount and into the MHI Wells Fargo Account, which AGM could not access. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 that BNYM did so without informing AGM. Defendants otherwise deny the allegations in Paragraph 60.

61. Defendants admit that, in total, BNYM diverted $713,668.62 of AGM's funds from the Subaccount. Defendants lack sufficient knowledge or

information to form a belief as to the truth of the allegations in Paragraph 61 that BNYM did so without AGM's knowledge or agreement. Defendants otherwise deny the allegations in Paragraph 61.

62. Defendants admit the allegations in Paragraph 62.

63. Defendants admit that on November 16, 2024, Shulman sent the email quoted in Paragraph 63 to Corridon.

64. Defendants admit the allegations in Paragraph 64.

65. Defendants admit that on November 23, 2024 Pascoe and McGrath spoke again via WhatsApp and that McGrath informed Pascoe that a portion of AGM's funds had been used to satisfy MHI's debt to BNYM and the balance of the funds, $89,394.85, were sent to MHI's Wells Fargo Account. Defendants otherwise deny the allegations in Paragraph 65.

66. Defendants admit the allegations in Paragraph 66.

67. Defendants admit the allegations in Paragraph 67.

68. Defendants admit that on January 1, 2025, McGrath sent the WhatsApp message quoted in Paragraph 68 to Pascoe.

69. Defendants admit on or about January 6, 2025, MHI wired $250,000.00 of the McGrath Trust Funds to AGM, in partial satisfaction of its debt. Defendants otherwise deny the allegations in Paragraph 69.

70. Defendants admit that MHI and BNYM still owe a principal amount of $463,668.62 to AGM. Defendants otherwise deny the allegations in Paragraph 70.

## V.

## FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL THEFT (PEN. C. §496

**(AGM v. All Defendants)**

71. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

72. Defendants admit that Penal Code § 496 (a) provides:

Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290.

A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property.

Defendants otherwise deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants admit that Penal Code § 496 (c) provides: "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Defendants otherwise deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 78.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

## VI.

## SECOND CAUSE OF ACTION FOR CONVERSION

### (AGM v. All Defendants)

83. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

84. Defendants deny the allegations in Paragraph 84.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

## VII.

## THIRD CAUSE OF ACTION FOR FRAUD (INTENTIONAL MISREPRESENTATION)

### (AGM v. McGrath, MHI, and Does 1 to 50)

91. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

92. Defendants deny the allegations in Paragraph 92 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

## VIII.

## FOURTH CAUSE OF ACTION FOR FRAUD (CONCEALMENT)

### (AGM v. All Defendants)

101. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

102. Defendants deny the allegations in Paragraph 102 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107 insinuating that Defendants concealed any material facts from AGM. Defendants lack sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107.

108.   Defendants deny the allegations in Paragraph 108 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 108.

109.   Defendants deny the allegations in Paragraph 109 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109.

110.   Defendants deny the allegations in Paragraph 110 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 110.

111.   Defendants deny the allegations in Paragraph 111.

## IX.

## **FIFTH CAUSE OF ACTION FOR FRAUD (PROMISSORY FRAUD)**

**(AGM v. All Defendants)**

112.   Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

113.   Defendants deny the allegations in Paragraph 113 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 113.

114.   Defendants deny the allegations in Paragraph 114 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 114.

115.   Defendants deny the allegations in Paragraph 115 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 116.

117. Defendants admit that BNYM has failed and refused to return the funds that AGM deposited in the Subaccount and used those funds to pay MHI's debts to BNYM. Defendants otherwise deny the allegations in Paragraph 117 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 117.

118. Defendants deny the allegations in Paragraph 118 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 118.

119. Defendants deny the allegations in Paragraph 119 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

## X.

## SIXTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

### (AGM v. All Defendants)

122. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

123. Defendants deny the allegations in Paragraph 123 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 123.

...

124. Defendants deny the allegations in Paragraph 124 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

## XI.

## SEVENTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST

### (AGM v. All Defendants)

129. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

130. Defendants admit the allegations in Paragraph 130.

131. Defendants admit the allegations in Paragraph 131 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

## XII.

## EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

### (AGM v. All Defendants)

136. Defendants incorporate by reference each and every answer set forth above, as though fully set forth herein.

137. Defendants deny the allegations in Paragraph 137 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142 as to MHI and McGrath. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense – Failure to State a Claim

144. The Complaint, and each and every claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Defendants.

### Second Affirmative Defense – Unclean Hands

145. The Complaint, and each and every claim for relief therein, are barred in whole or in part because Plaintiff has not behaved equitably, came to this Court with unclean hands, and should therefore be denied all relief.

### Third Affirmative Defense – Waiver

146. The Complaint, and each and every claim for relief therein, are barred in whole or in part under the doctrine of waiver.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray the Court for judgment as follows:

1. That Plaintiff takes nothing by its Complaint;
2. That judgment be entered in favor of Defendants, and against Plaintiff on the Complaint;
3. That Defendants recover their attorney fees and costs;
4. That Defendants be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all claims so triable.

| | | |
|---|---|---|
| 1 | Dated:  October 14, 2025 | FITZGERALD KNAIER LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Kenneth M. Fitzgerald |
| 5 | | Nicholaus H. Woltering |
| | | Attorneys for |
| 6 | | Defendants Thomas Edward |
| | | McGrath and MHI Capital LLC |